FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 03, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMIAH B.,<br><br>    Plaintiff,<br><br> v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>    Defendant. | NO: 2:21-CV-00100-LRS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 14, 15. This matter was submitted for consideration without oral argument. Plaintiff is represented by Attorney Rosemary B. Schurman.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ~ 1

Defendant is represented by Special Assistant United States Attorney Leisa A. Wolf. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 14, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 15, and **REMANDS** the case back to the Commissioner for additional proceedings.

## JURISDICTION

Plaintiff Jeremiah B.[2] protectively filed an application for Disability Insurance Benefits (DIB) on November 8, 2018, Tr. 68, alleging an onset date of May 1, 2018, Tr. 176, due to a back injury, hip injury, and wrist injury, Tr. 201. Plaintiff's applications were denied initially, Tr. 90-93, and upon reconsideration, Tr. 95-98. A hearing before Administrative Law Judge Jesse Shumway ("ALJ") was conducted on July 10, 2020. Tr. 35-67. Plaintiff was represented by attorney Randi Johnson and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Daniel Labrosse. *Id*. The ALJ entered an unfavorable decision on August 12, 2020. Tr. 15-27. The Appeals Council denied review on January 25, 2021. Tr. 8-12. Therefore, the ALJ's August 12, 2020 decision became the final decision of the Commissioner. The matter is now before this Court pursuant

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

to 42 U.S.C. §§ 405(g).  ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 35 years old at the alleged onset date.  Tr. 176.  The highest grade Plaintiff completed was the eighth grade in 1996.  Tr. 202.  At application, Plaintiff reported that his work history included the jobs of construction worker, foreman, and maintenance.  Tr. 202.  He reported that he stopped working on May 1, 2018, due to his impairments.  Tr. 201.  Plaintiff suffered a motor vehicle accident in May of 2018 resulting in his impairments in his hip and wrist.  Tr. 46-47, 337.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and

ORDER ~ 3

citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of

ORDER ~ 4

substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and

ORDER ~ 5

award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is

ORDER ~ 6

therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date, May 1, 2018. Tr. 25. At step two, the ALJ found that Plaintiff has the following severe impairments: right hip injury and mild degenerative joint disease of the right wrist. Tr. 25. At step three, the ALJ found that Plaintiff's impairments or combinations of impairments do not meet or equal the severity of one of the listed impairments. Tr. 25.

The ALJ then found that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following nonexertional limitations: "he can only occasionally use foot controls with the right lower extremity; he can never climb ladders, ropes, or scaffolds; he can occasionally perform all other postural activities; he can have no exposure to hazards, such as unprotected exposure to extreme cold/heat, wetness, humidity, vibrations, or pulmonary irritants." Tr. 25-26. The ALJ made no step four determination regarding

ORDER ~ 7

Plaintiff's past relevant work.  Tr. 29.  At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including positions as a document preparer, addresser, and call out operator.  Tr. 30.  On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged date of onset, May 1, 2018, through the date of the decision.  Tr. 30.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him DIB under Title II.  ECF No. 14.  Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly addressed the medical opinions in the record;

2. Whether the ALJ properly addressed Plaintiff's symptom statements; and

3. Whether the unconstitutional statutory removal restriction in 42 U.S.C. § 902(a)(3) entitles Plaintiff to a rehearing.

## DISCUSSION

**1.    Medical Source Opinions**

Plaintiff challenges the ALJ's treatment of the opinions of Christopher B Dewing, M.D. and Edgar A. Figureoa, M.D. while arguing that the ALJ should not have relied upon the opinions by nonexamining physicians.  ECF No. 14 at 14-20.

For claims filed on or after March 27, 2017, new regulations apply that

ORDER ~ 8

change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide that the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations emphasize that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

      Supportability and consistency are further defined in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical

ORDER ~ 9

finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).[3]

### A.    Christopher B. Dewing, M.D.

On June 17, 2019, Dr. Dewing completed a Physical Residual Function Capacity Statement. Tr. 432-35. Dr. Dewing had been treating Plaintiff for two months seeing him every four weeks. Tr. 432. He diagnosed Plaintiff with right hip lateral tear with cartilage damage that had surgical repair in August of 2018 and right wrist impairment needing a fusion by Dr. Turner. Tr. 342. He opined that Plaintiff's pain and stress were severe enough to frequently interfere with his attention and concentration. Tr. 432. He opined that Plaintiff was unable to walk one city block or more without rest or severe pain and walk one block or more on

---

[3]The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. ECF Nos. 14 at 15, 15 at 18-19. The Ninth Circuit has held that the new regulations displace its prior caselaw. *See Woods v. Kijakazi*, --- F.4th ---, 2022 WL 1195334 (9th Cir. Apr. 22, 2022).

ORDER ~ 10

rough or uneven ground.  Tr. 433.  He was limited in climbing steps without the use of a handrail at a reasonable pace and had problems with balance while ambulating and problems with stooping, crouching and bending.  Tr. 433.  He opined that Plaintiff could sit more than 3 hours before needing to stand up, walk around or lie down and could stand for five to ten minutes and walk for five minutes before needing to sit down, walk around or lie down.  Tr. 343.  He opined that Plaintiff could sit about eight hours in an eight-hour workday and stand and walk for less than one hour in an eight-hour workday.  Tr. 433-34.  He stated that Plaintiff should elevate his leg(s) at waist level as much as possible while sitting.  Tr. 434.  He limited Plaintiff to rarely lifting and carrying five pounds or less.  Tr. 434.  He stated that Plaintiff had no significant limitations with reaching, handling, or fingering.  Tr. 434.  He stated that Plaintiff did not have the ability to climb or push and pull arm or leg controls from a seated position for six or more hours per eight-hour workday.  Tr. 435.  He stated that Plaintiff would be off task more than 30% of the workday and would be absent from work as a result of his impairments for five or more days a month.  Tr. 345.  Dr. Dewing stated that he based his opinion on the history and medical file, progress and office notes, physical examinations, and imaging reports.  Tr. 435.

      First, the ALJ found this opinion to be not persuasive because it was inconsistent with the record as a whole.  Tr. 28.  This speaks to the consistency of the opinion under 20 C.F.R. § 404.1520c(c).  The ALJ stated that "[t]he claimant

ORDER ~ 11

1  has presented with a normal gait and stance, normal or slightly below normal grip
2  strength, and normal strength in all extremities." Tr. 28. The ALJ then cited six
3  locations in the record in support of his rationale. The first citation to the record
4  that the ALJ provided was from Plaintiff seeking treatment for his asthma. Tr.
5  375-76. The provider noted that Plaintiff walked without a limp. Tr. 376. The
6  second citation to the medical record did show normal grip strength in the right
7  upper extremity, but it also demonstrated tenderness and pain with flexion and
8  found that the right wrist had deteriorated after the car accident. Tr. 729-30. The
9  third citation to the record shows Plaintiff walking without a limp. Tr. 449. The
10 fourth and fifth citations to the record shows normal strength in all extremities. Tr.
11 459, 484. The ALJ's sixth citation is a duplicate of his first citation. Tr. 559.
12 Despite these findings, the ALJ failed to discuss how a lack of a limp and normal
13 strength rendered the limitation to sedentary work, being off task due to pain and
14 stress, and missing work unpersuasive. The Ninth Circuit has stated that "we still
15 demand that the agency set forth the reasoning behind its decisions in a way that
16 allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th
17 Cir. 2015). The Circuit emphasized this in its recent decision confirming that the
18 new regulations displace its prior specific and legitimate standard:

> Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate . . . how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

ORDER ~ 12

*Woods*, --- F.4th ---, 2022 WL 1195334 at *6.  Simply concluding the opinion was not supported with a string of citations to the record falls short of an explanation. Therefore, the ALJ's rationale is not supported by substantial evidence.

Second, the ALJ found that there were no treatment notes provided by Dr. Dewing in the record.  Tr. 28.  This speaks to the supportability of the opinion under 20 C.F.R. § 404.1520c(c).  There is no evidence of Dr. Dewing's treatment in the record, and there is no evidence that Plaintiff informed the ALJ of these outstanding records pursuant to S.S.R. 17-4p.  However, the ALJ was aware of the outstanding record as Dr. Dewing's opinion cited treatment and records from Dr. Turner stated that Plaintiff had sought the opinion of Dr. Dewing.  Tr. 559. Considering the ALJ's discussion of consistency was not sufficient, the case is remanded and these outstanding records shall be gathered and made a part of the record.

   B.    Edgar A. Figureoa, M.D.

On June 17, 2020, Dr. Figureoa completed a Physical Residual Functional Capacity Statement.  Tr. 452-55.  He opined that Plaintiff's pain and stress were severe enough to frequently interference with his attention and concentration.  Tr. 452.  He stated that Plaintiff could not walk one city block or more without rest or severe pain and could not walk one block or more on rough or uneven ground.  Tr. 453.  He opined that Plaintiff could climb steps without the use of a handrail at a slow pace.  Tr. 453.  He stated that Plaintiff would have problems with balance and

ORDER ~ 13

1  with stooping, crouching, and bending.  Tr. 453.  He opined that Plaintiff could sit

2  for 10 minutes at a time before needing to stand up, walk around or lie down, stand

3  for ten minutes before needing to sit down, walk around, or lie down, and walk for

4  ten minutes needing to sit down, lie down, or stand.  Tr. 453.  He opined he could

5  sit for a total of less than one hour in an eight-hour work day and stand or walk for

6  less than an hour in an eight-hour workday.  Tr. 453-54.  He stated that Plaintiff

7  should never lift or carry less than ten pounds.  Tr. 454.  He also opined that

8  Plaintiff was limited in his ability to climb stairs and precluded from climbing

9  ladders, scaffolds, and ropes.  Tr. 455.  He stated that Plaintiff was not able to work

10 on a sustained basis.  Tr. 455.  He stated that he based his opinion on "history and

11 medical file" and "progress and office notes."  Tr. 455.

12      First, the ALJ found the opinion to be unpersuasive because it was not

13 supported by Dr. Figureoa's own treatment notes showing normal gate and station

14 of full strength of extremities.  Tr. 29.  This speaks to the supportability of the

15 opinion under 20 C.F.R. § 404.1520c(c).  The ALJ cites evidence in the record

16 showing normal strength in all extremities.  Tr. 459, 484.  However, there is no

17 discussion how these citations undermine the opinion in light of the fact that Dr.

18 Figureoa was treating Plaintiff for chronic pain.  Tr. 459-84.

19      Second, the ALJ found the opinion to be unpersuasive because it was not

20 consistent with the other evidence of the record showing Plaintiff with no limp and

21 a largely normal grip strength.  Tr. 29.  This speaks to the consistency of the

ORDER ~ 14

opinion under 20 C.F.R. § 404.1520c(c).  Despite the findings cited by the ALJ, he failed to discuss how a lack of a limp and normal strength rendered the limitation to sedentary work, being off task, and missing work unpersuasive.  As stated above, the Ninth Circuit has stated that "we still demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review." *Brown-Hunter*, 806 F.3d at 492.  Therefore, the ALJ's rationale is not supported by substantial evidence.

**2.     Plaintiff's Symptom Statements**

Plaintiff argues that the ALJ erred in evaluating her symptom testimony. ECF No. 14 at 6-14.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 26.  The evaluation of a claimant's symptom statements and their

ORDER ~ 15

resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical opinions addressed above, a new assessment of Plaintiff's subjective symptom statements will be necessary.

3.  **42 U.S.C. § 902(a)(3)**

Plaintiff makes a constitutional challenge addressing the Commissioner's authority at the time of the ALJ's decision due to the unconstitutional statutory removal provision contained in 42 U.S.C. § 902(a)(3). ECF No. 14 at 20-21. However, since the case is being remanded for the ALJ to properly address the medical opinions and Plaintiff's symptom statements, the Court need not address his constitutional challenge at this time.

## CONCLUSION

Here, Plaintiff requests that the case be remanded for additional proceedings. ECF No. 14 at 21. The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Upon remand, the ALJ will supplement the record with all outstanding evidence, including those from Dr. Dewing, readdress the medical opinions in the file, and readdress Plaintiff's symptom statements. Furthermore, he will call a vocational expert to testify at any remand proceedings.

ORDER ~ 16

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **GRANTED,** and the matter is **REMANDED** to the Commissioner for additional proceedings.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** May 3, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER ~ 17